**UNITED STATE BANKRUPTCY COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | Case No. 19-03846-RNO |
| MELVIN E. SWISHER, JR. | : | |
|     Debtor | : | Chapter 7 |
| | : | |
| UNITED STATES OF AMERICA, ACTING | : | Adv. No. 19-00121-RNO |
| THROUGH THE FARM SERVICE AGENCY, | : | |
| U.S. DEPARTMENT OF AGRICULTURE | : | |
| | : | |
|     Plaintiff | : | |
| | : | |
| Vs. | : | |
| | : | |
| MELVIN E. SWISHER, JR. | : | |
|     Defendant | : | |

## DEFENDANTS BRIEF IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT

### I. PRELIMINARY STATEMENT

Defendant contends there are material issues as to facts and Defendant seeks a trial.

### II. PROCEDURAL HISTORY

Defendant filed Chapter 7 Bankruptcy on September 10, 2019 in case #: 4:19-bk-03846. Plaintiff filed a Complaint Objecting to Discharge of its Debt and Defendant opposes the Adversary action.

### III. FACTS

Plaintiff extended credit to Swisher Haven Farms, a general Partnership of Debtor and son. The farm was in the Swisher family for in excess of 60 years. Plaintiff took a second mortgage on the farm, on which Debtor resided and a security interest on assets used at the farm.

The Farm was not financially successful and closed operation in December 2018.

In April of 2018 Defendant and Plaintiff had verbal communication that Defendant could not pay his first mortgage or other general ongoing creditors and was facing foreclosure of the farm. Defendant advised Plaintiff that the only way to avoid foreclosure was to liquidate assets. Plaintiff's agent John Felondis told Defendant to do what he had to do to keep the farm.

Defendant confirmed this action in his letter to Felondis of June 25, 2019 including the following:

> "Due to uncontrolled circumstances the low commodity prices, Low milk prices, and the loss of our Finish Floor Contract has forced us to liquidate some of the Equipment. I had reflected on this in our conversation in April 2018, hopefully we didn't misunderstand you about to what we have to do to stay in business. We applied the funds acquired toward the Mortgage and pre-existing bills, in an attempt to keep our family farm of 65 years operating. It was our intent to replace this equipment when the economy improved. However now we are in the process to try and sell the farm, to pay the Mortgages off."

Efforts to sell the farm were not successful and the farm is currently in foreclosure.

Plaintiff now seeks to act as if its agents were not involved in discussion with Defendant to sell assets and seek to attribute fraudulent intent to Defendant despite the clear opposite intent:

> "It was our _intent_ to replace this equipment when the economy improved. However now we are in the process to try and sell the farm, to pay the Mortgages off."

The "Mortgages" include Plaintiff's second mortgage which secures the obligations which are the subject of the case before the Court.

IV. **ISSUES**

Whether the sale of assets, after prior communication with Plaintiff Creditor, is grounds for denial of Discharge under 727(a)(2).

*Suggested Answer: No*

Whether Defendant has failed to supply information regarding the sale of assets and whether that failure is a reason to deny Discharge.

*Suggested Answer: No*

Whether the sale of assets with the intention to replace them or otherwise sell a farm is fraudulent intent making a debt non-dischargeable under 523(a)(6).

*Suggested Answer: No*

V. **ARGUMENT**

**A) Summary Judgment is governed by F.R.C.P. 56(c) applicable by F.R.B.P. 7056.**

> "Summary Judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2550, 91 L.Ed.2d 265 (1986) (citing Fed. R. Civ. P. 56(c)). The moving party has the burden of demonstrating that a genuine issue of material fact is absent. *Celotex Corp.*, 477 U.S. at 322-23.
> "In evaluating the evidence, 'a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor.'" *Abramson v. William Paterson*

*College of New Jersey*, 260 F.3d 265, 276 (3d Cir. 2001) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 278 (3d Cir. 2000)."

"A dispute regarding the intent of the Debtor is "an issue of material fact which, if genuine, is sufficient to preclude summary judgment." *Marzano v. Computer Sci. Corp. Inc.*, 91 F.3d 497, 510 (3d Cir. 1996)."

B) **727(a)(2) DISCHARGE:**

727(a)(2) requires **INTENT**:

> "the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed –
> (A) Property of the debtor, within one year before the fate of the filing of the petition; or
> (B) Property of the estate, after the date of the filing of the petition;"

Plaintiff heavily relies on Defendant's letter to Plaintiff dated June 25, 2019 as proof of fraudulent conduct.

A plain reading of the letter discloses an opposite intent:

a) Defendant references discussion and understandings with Plaintiff prior to the sale.

b) Defendant specifically states that assets were sold to pay a mortgage and his intent to replace the equipment when the economy improved.

c) The letter clearly identifies the Defendants willingness to sell the real estate to pay mortgages, (this includes the debt to Plaintiff which holds second mortgage).

There would be testimony at trial as to Defendants conversations with Plaintiff's agent. Theses communications took place before the sale of any assets or the farm foreclosure.

Counsel for Defendant avers that the testimony will show that Defendant did not have <u>intent</u> to hinder, delay or defraud creditor.

### C) 727(a)(5) DISCHARGE:

Plaintiff objects to discharge on 727(a) that Defendant has failed to explain any loss of assets or deficiency of assets to meet the debtor's liabilities. (727(a)(5))

Plaintiff has complained of a lack explanation as to Defendant's assets: Defendant has satisfactorily explained his financial position with the Plaintiff as follows:

1) Prior to the transfer of assets Defendant had conversations with Plaintiffs agent about the necessity to sell assets and the failure of the dairy farm (which Plaintiff acknowledges. *(Plaintiff Brief, Page 8, last paragraph)*

2) Defendant gave Plaintiff a letter explaining what was transferred and for how much, and that he applied it to debt.

3) Defendant stated in his schedules that the remaining assets were at the farm and stated his valuation of the assets.

4) The real estate subject to Plaintiff's mortgage remains unliquidated.

Debtor believes the following facts would be established at trial:

1) Despite knowledge of Defendant's financial condition in spring of 2018, Plaintiff has ***never*** made any act to obtain possession of any collateral.

      2)     Defendant left substantial assets (shown on his schedules) at the farm address which closed operation December 2018. Plaintiff has not made any effort to liquidate same.

      3)     Plaintiff argues that its agents have visited the farm (not with Defendant) and that assets are overvalued. That is a factual matter. Further, feed, hay and equipment may have lost value in the 18 months since closing.

      4)     Despite the fact that there was equity in Plaintiff's second mortgage, Plaintiff did not foreclose.

      5)     Plaintiff's argument is that since Plaintiff's do not agree with the values stated by Debtor as to assets at the farm that Plaintiff is entitled to Summary Judgment despite that fact that the Debtors values are the only values on the record and Plaintiff offers no other valuation.

**D) 523 (a)(6):**

Debtor denies any willful and malicious injury to Plaintiff or its property.

      The record is devoid of any malice on the part of the debtor.

> "A deprivation of a right, use, or possession of property "does not necessarily mean that the resulting debt is excepted from discharge under § 523 (a)(6) …[but] only if the act produces a willful and malicious injury." *In re Glenn*, 470 B.R. 731, 738 (Bankr. M.D.Pa 2012)"

## VI. CONCLUSION:

The record shows factual disputes, the most important of which is the communication between parties relevant to Defendant intent. The Discharge should not be denied due to lack of intent to defraud.

Respectfully Submitted,

Date: 06/24/2020

/s/ Daniel J. Rheam
Rheam Law, P.C.
Daniel J. Rheam
Attorney for Debtor/Defendant
533 North Derr Drive
Lewisburg, PA 17837
Tel: (570) 524-2344