# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:

MELVIN E. SWISHER, JR.

|  |  |
|---|---|
| Debtor 1 | Chapter: 7 |
|  | Case No.: 4-19-bk-03846 RNO |
| UNITED STATES OF AMERICA, ACTING THROUGH THE FARM SERVICE AGENCY, U.S. DEPARTMENT OF AGRICULTURE | Adversary No.: 4-19-ap-00121 RNO |
| Plaintiff(s) | Document No.: 8 |
| vs. |  |
| MELVIN E. SWISHER, JR. | Nature of Proceeding: Motion for Summary Judgment |
| Defendant(s) |  |

## OPINION[1]

The Plaintiff/Creditor filed a two-count Complaint Objecting to Discharge and to Determine Non-Dischargeability ("Complaint"). The Complaint seeks a denial of a Chapter 7 discharge or a finding that the Plaintiff's claim is non-dischargeable. After the pleadings were closed, the Plaintiff moved for summary judgment. The Motion will be denied, and the matter will proceed to trial.

**I.    JURISDICTION**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(I) & (J).

---

[1]    Drafted with the assistance of Timothy R. Powell, Law Clerk.

1

## II. FACTS AND PROCEDURAL HISTORY

Melvin E. Swisher, Jr. ("Debtor" or "Defendant") filed a Voluntary Petition under Chapter 7 of the Bankruptcy Code on September 10, 2019. Schedule D lists a secured claim in favor of the United States of America, acting through the Farm Service Agency, U.S. Department of Agriculture ("Plaintiff" or "FSA"). The claim is scheduled for $267,110.11 and the collateral is described as "second mortgage" and "security agreement". To date, the Plaintiff has not filed a proof of claim.

This adversary proceeding was commenced by a two-count Complaint filed by the Plaintiff on December 13, 2019. Count I requests that the Debtor be denied a Chapter 7 bankruptcy discharge. Count II requests that the Plaintiff's claim be excepted from any discharge because the claim allegedly stems from willful and malicious injury to the Plaintiff or its property. Complaint, ECF No. 1 ¶ 25. The Complaint alleges that, pre-petition, the Debtor sold certain livestock and equipment ("FSA Collateral"). It is further alleged that the proceeds of those sales were not paid to the Plaintiff. The FSA Collateral was used on a farm which the Debtor maintains ceased operations in December 2018.

On January 9, 2020, the Debtor answered the Complaint. Answer, ECF No. 5. Many of the factual averments of the Complaint are admitted. However, the Answer includes "[w]illful and malicious injury and failure to account are denied." Answer, ECF No. 5, ¶ 24. The Answer also asserts several affirmative defenses, including estoppel, laches, and waiver.

The Plaintiff filed a Motion for Summary Judgment ("Motion") on May 28, 2020. Motion, ECF No. 8. The parties have filed their respective statements of fact and briefs in support of and in opposition to the Motion.

## III. DISCUSSION

### A. Summary Judgment Standard Under F.R.B.P. 7056

Federal Rule of Bankruptcy Procedure 7056 incorporates, and makes applicable to bankruptcy adversary proceedings, Rule 56 of the Federal Rules of Civil Procedure ("F.R.C.P."). Pursuant to F.R.C.P. 56(a), the movant has the burden of proving that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. *Beard v. Banks*, 548 U.S. 521, 529, 126 S. Ct. 2572, 2578 (2006); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552 (1986). "As to materiality . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). The absence of any genuine issue of material fact may be demonstrated by the pleadings, supporting affidavits, and discovery materials – such as depositions, answer to interrogatories, and admissions which are part of the record. *In re Premium Motor Cars, Inc.*, 404 B.R. 128, 130 (Bankr. W.D. Pa. 2009).

After the movant satisfies its burden, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *In re LandSource Communities Dev. LLC*, 485 B.R. 310, 314 (Bankr. D. Del. 2013) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, the nonmoving party is required to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The nonmoving party must go "beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324 (internal citations and quotations omitted). Throughout its analysis, the Court may not make credibility determinations or engage in any weighing of the evidence. *Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013) (citations omitted). Instead, the Court must view the facts in the light most

favorable to the nonmoving party, the Debtor, and draw all inferences in his favor. *Santini v. Fuentes*, 795 F.3d 410, 419 (3d Cir. 2015) (citation omitted); *Abramson v. William Paterson Coll. of N.J.*, 260 F.3d 265, 276 (3d Cir. 2001) (citation omitted).

The determination of a motion for summary judgment considers whether the evidence, when viewed in the light most favorable to the nonmoving party, is sufficient to show the essential elements of the movant's case. *In re Metro Shippers, Inc.*, 78 B.R. 747, 750 (Bankr. E.D. Pa. 1987) (citations omitted); *In re Herrera*, 2008 WL 5157938 at *2 (Bankr. D.N.M. Oct. 8, 2008).

    **B.**    **Objection to Chapter 7 Discharge Under § 727(a)(2)(A)**

Count I of the Complaint objects to the Debtor's discharge, first alleging that he violated § 727(a)(2)(A) of the Bankruptcy Code.[2] This subsection provides that the court shall not grant a chapter 7 discharge when:

> (2) the debtor, *with intent to hinder, delay, or defraud a creditor* or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
>     (A) property of the debtor, within one year before the date of the filing of the petition;

(emphasis added)

Case law requires a narrow construction of objections or exceptions to discharge. This is because one of the primary purposes of the Bankruptcy Code is to allow the debtor a financial fresh start. Exceptions to discharge are strictly construed against creditors and liberally construed in favor of debtors. *Insurance Co. of N. Am. v. Cohn (In re Cohn)*, 54 F.3d 1108, 1113 (3d Cir. 1995) (citation omitted); *In re Gotwald*, 488 B.R. 854, 865 (Bankr. E.D. Pa. 2013) (citation omitted); *Customers Bk. v. Roman P. Osadchuk*, 2018 WL 4562403, at *2 (D.N.J., Sept. 24,

---

[2] Unless otherwise noted, all future statutory references are to the Bankruptcy Code, 11 U.S.C.§ 101, et seq., as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, 119 Stat. 37 ("Bankruptcy Code").

2018) (citation omitted); *In re Adalian*, 474 B.R. 150, 160 (Bankr. M.D. Pa. 2012) (citation omitted).

The Complaint alleges that the Debtor sold the FSA Collateral through a number of sales between March 2018 and November 2018. Complaint, ECF No. 1, ¶ 15. The Court takes judicial notice, pursuant to Federal Rule of Evidence 201, that the Debtor's petition was filed on September 10, 2019.

A required element of a § 727(a)(2)(A) objection to discharge is that the complained of transfer of property occurred within one year of the filing of the bankruptcy petition. *In re von Kiel*, 550 Fed. Appx. 105, 108 (3d Cir. 2013); *In re Spitko*, 357 B.R. 272, 299 (Bankr. E.D. Pa. 2006); *In re Dawley*, 312 B.R. 765, 782 (Bankr. E.D. Pa. 2004) (citations omitted); *In re Kisberg*, 150 B.R. 354, 357 (Bankr. M.D. Pa. 1992) (citations omitted). It appears that, at worst, two sales occurred within one year of the petition. Those two sales totaled $9,300.00. Another required element of this objection to discharge is that the Debtor made the transfers with the intent to hinder delay or defraud a creditor. *Spitko*, 357 B.R. at 357; *Dawley*, 312 B.R. at 782; *Kisberg*, 150 B.R. at 357. A more fulsome record, after trial, will provide the Court a more adequate basis to determine the Debtor's intent when the sales were made.

The Complaint does not specifically allege that the Debtor concealed any assets. However, a portion of the Plaintiff's argument suggests that a concealment doctrine is relevant here. Mem. of Law in Supp. of Mot. for Summ. Judgment, ECF No. 9, 8 fn.1. This case is readily distinguishable from a classic concealment case. For example, *Rosen v. Bezner*, 996 F.2d 1527 (3d Cir. 1993), where the debtor transferred away title to his residence, but retained the benefits of ownership. Here, there is no suggestion that the Debtor is continuing to use or benefit from any of the FSA Collateral which was sold to third parties. Nor has there been any showing that assets were hidden or secreted.

The failure to plead a required element of the cause of action for a denial of discharge leads to the conclusion that the Plaintiff is not entitled to judgment as a matter of law. A movant for summary judgment must meet its burden to demonstrate undisputed facts entitling it to judgment as a matter of law. *In re Gonzalez*, 2017 WL 1968626, at *1 (Bankr. D.P.R., May 11, 2017) (citation omitted); *In re Jacks*, 415 B.R. 536, 538 (Bankr. D.N.M. 2008) (citations omitted). The Plaintiff has not met its burden under § 727(a)(2)(A). Further, there are outstanding material issues of fact as to when the sales occurred, whether FSA consented to any sales, as well as the Debtor's intent at the time of the transfers.

The Motion is denied as to the § 727(a)(2)(A) objection to discharge.

### C. Objection to Discharge Under § 727(a)(5)

Count I of the Complaint also objects to a discharge by alleging the Debtor violated § 727(a)(5) of the Bankruptcy Code. Complaint, ECF No. 1, ¶ 22. That Subsection provides that the court shall not grant a discharge when:

> (5) the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

Under this subsection, a discharge may be denied if the debtor fails to satisfactorily explain a loss or deficiency of assets. The purpose of § 727(a)(5) is to require a debtor to make a full and complete disclosure of his or her finances in order to obtain the privilege of a discharge; the burden of discovering assets may not be placed upon others. *See*, *In re Grammenos*, 469 B.R. 535, 549 (Bankr. D.N.J. 2012) (citing *Carter Eng'g Co. v. Carter (In re Carter)*, 236 B.R. 173, 180 (Bankr. E.D. Pa. 1999)).

The creditor must first establish a loss or deficiency of assets, and then the burden shifts to the debtor to provide a satisfactory explanation. *Grammenos*, 469 B.R. at 549. This subsection does not require a showing of fraud or intentionality. *Id.; see also In re Burrik*, 459 B.R. 881, 896 (Bankr. W.D. Pa. 2011) (citations omitted). Once a loss or deficiency of assets has been

established, "[a] bankruptcy judge has 'broad power to decline to grant a discharge where the debtor does not adequately explain a shortage, loss or disappearance of assets.'" *In re Jacobs*, 381 B.R. 147, 167-168 (Bankr. E.D. Pa. 2008) (quoting *In re Wasserman*, 332 B.R. 325, 333 (Bankr. N.D. Ill. 2005)). The court has discretion to determine whether an explanation is satisfactory. *Id.* "The explanation must appear reasonable such that the court no longer wonders what happened to the assets." *Id.*, (citing *In re Shepherd*, 2005 WL 4147868, at *3 (Bankr. D. Kan. 2005) (citation omitted)).

The Complaint alleges:

> In addition, the Debtor has "failed to explain satisfactorily . . . any loss of assets or deficiency of assets," . . .

Complaint, ECF No. 1, ¶ 22. This is not a case where the Debtor has tried to conceal the transfers of the FSA Collateral. For example, the Court takes judicial notice of the contents of the Statement of Financial Affairs ("SFA"), filed in the underlying bankruptcy case. 4-19-bk-03846-RNO, ECF No. 1.

Item 18 of the SFA asks a debtor whether he sold or transferred any property within two years before the bankruptcy filing. The Debtor answered the question:

| **Person Who Received Transfer Address**<br><br>**Person's relationship to you** | **Description and value of property transferred** | **Describe any property or payments received or debts paid in exchange** | **Date transfer was made** |
| --- | --- | --- | --- |
| **MULTIPLE PEOPLE**<br><br>**NONE** | **GRAIN BIN/COWS/COMBINE/GRAIN DRILL/SKID STEER LOADER/FEEDER CATTLE/IH 1066/JD 4230/DISC. & HAYWAGON** | **$58,300.00 PAID TO (BB&T) now SUMMITBRIDGE NATIONAL INVESTMENTS TOWARDS MORTGAGE PAYMENTS.** | **03/2018 THROUGH 11/2018** |

7

The Plaintiff attached to the Motion the Debtor's answers to interrogatories. Motion, ECF No. 8, Ex. 3. In his answers, the Debtor provided considerable detail as to his communications with FSA concerning his need to sell the FSA Collateral in order to make payment on the first mortgage on his property. It is significant that the Debtor has been forthcoming with the Court and his creditors.

A debtor's burden under § 727(a)(5) is to provide a satisfactory explanation of what happened to the asset(s); his burden is not to show what happened to the asset(s) was proper. *In re Buzzelli*, 246 B.R. 75, 117 (Bankr. W.D. Pa. 2000) (citations omitted). A satisfactory explanation "must appear reasonable such that the court no longer wonders what happened to the assets." *GMAC v. Coley (In re Coley)*, 433 B.R. 476, 489 (Bankr. E.D. Pa. 2010) (citations omitted). The debtor's burden can be met by testimony, documentation is not always required.

Bankruptcy Judge Brendan Shannon has written, "[t]he debtor, however, is not required to present documentary evidence for an explanation of asset loss to be 'satisfactory,' although documentary evidence is preferable." *In re Kamara*, 2012 WL 5879718, at *4 (Bankr. D. Del. Nov. 20, 2012) (citing *In re Hudgens*, 149 Fed. Appx. 480, 488 (7th Cir. 2005)). Finally, the bankruptcy judge must assess the debtor's credibility and consistency, which are afforded great weight in determining whether an explanation is "satisfactory." *See First Federated Life Ins. Co. v. Martin (In re Martin)*, 698 F.2d 883, 886 (7th Cir. 1983) (holding that the bankruptcy judge's assessments of credibility are critical to the outcome of the case and these findings of fact will not be overturned unless clearly erroneous); *In re Kamara*, 2012 WL 5879718, at *4. It is not the Court's role to weigh the evidence at this stage of the proceeding.

One can imagine a case where a § 727(a)(5) issue could be decided at the summary judgment stage. This is not such a case. The Plaintiff has failed to establish all the necessary elements and, thus, is not entitled to judgment as a matter of law. Allowing this issue to proceed to trial will allow both parties the opportunity to create a more substantial evidentiary record. At

trial, the Court will have the opportunity to assess the witnesses' credibility and to determine whether or not the parties have met their respective burdens.

The Motion is denied as to the § 727(a)(5) objection to discharge.

### D. Exception to Discharge Under § 523(a)(6)

Count II of the Complaint seeks to except the Plaintiff's claim from any Chapter 7 discharge, citing § 523(a)(6) of the Bankruptcy Code. That subsection excepts from discharge a claim, "for willful and malicious injury by the debtor to another entity or to the property of another entity."

In his Answer to the Complaint, the Debtor admits FSA had a perfected security interest in the FSA Collateral. Answer, ECF No. 5, ¶ 9. In support of the Motion, FSA filed the affidavit of John Felondis, Farm Loan Manager, its employee. The affidavit states that Mr. Felondis never consented to the Debtor's "liquidation" of the FSA Collateral. Aff. in Supp. of Motion, ECF No. 11, ¶ 12.[3]

FSA cites two cases in support of its argument that the Debtor's sale of FSA Collateral and use of the proceeds to pay another creditor without legal justification constitutes conversion of the creditor's security interest that is wrongful and, therefore, malicious within the meaning of § 523(a)(6). Those cases are *In re Rezykowski*, 493 B.R. 713 (Bankr. E.D. Pa. 2013) and *In re Hannan*, 477 B.R. 603 (Bankr. W.D. Pa. 2012).

The procedural postures of *Rezykowski* and *Hannon* differ from the instant case. Judge Frank decided *Rezykowski* after trial. Similarly, Judge Bohm decided *Hannon* after trial. In a non-dischargeability action, the burden is on the creditor to establish the required elements by a preponderance of the evidence. *Grogan v. Garner*, 111 S. Ct. 654, 661, 498 U.S. 279, 289 (1991) (citations omitted); *In re Adalian*, 474 B.R. 150, 162 (Bankr. M.D. Pa. 2012) (citations omitted).

---

[3] F.R.B.P. 9017 makes F.R.C.P. 43 applicable to cases under the Bankruptcy Code. The Rule generally provides that testimony shall be taken in open court; provision is made for the use of affidavits when a motion is heard.

"To determine whether there has been a willful and malicious injury in collateral conversion cases, the court must analyze each set of circumstances on a case-by-case basis and determine whether the conversion is in the nature of an intentional tort or whether the conversion is the result of a negligent or reckless tort." *Rezykowski*, 493 B.R. at 725; *also see Hannon*, 477 B.R. at 612. Fairness suggests that, save for a case which presents compelling documentary evidence, such a question of alleged willful and malicious injury should be decided after trial, rather than on summary judgment.

A debtor might intend to harm a creditor by selling its collateral. A debtor might also have an honest, albeit erroneous, belief that he has authority to sell a creditor's collateral and to use the sale proceeds. Such conduct may be negligent, but the creditor's claim may still be dischargeable under § 523(a)(6) due to the lack of the required intent to cause injury. *In re Armstrong*, 2016 WL 2850527, at *11 (Bankr. D. Id. Oct. 3, 2006); *see also In re Webb*, 525 B.R. 226, 223 (Bankr M.D. Pa. 2015) ("Although conversion is an intentional tort, not all conversions may be characterized as willful and malicious under § 523(a)(6).") (citation omitted).

There are outstanding material issues of fact as to the Debtor's intentions and any good faith beliefs when he sold the FSA Collateral and used the sale proceeds.

The Motion is denied as to the § 523(a)(6) exception to discharge.

### IV. CONCLUSION

The Motion is denied as to Counts I and II. The Court's disposition order will include a deadline for the completion of dispositive motions, discovery, and the filing of certificates of readiness for trial.

Dated: July 30, 2020          By the Court,

                                          Robert N. Opel, II, Bankruptcy Judge (BI)